UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

UNITED STATES OF AMERICA

Case No.  2:18-cr-20155

v.

ORDER ON MOTION FOR
SENTENCE REDUCTION UNDER
18 U.S.C. § 3582(c)(1)(A)

CORY BRANT

(COMPASSIONATE RELEASE)

Upon motion of ☑ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☐ GRANTED

☐ The defendant's previously imposed sentence of imprisonment of _____ is reduced to _____. If this sentence is less than the amount of time the defendant already served, the sentence is reduced to a time served; or

☐ Time served.

If the defendant's sentence is reduced to time served:

☐ This order is stayed for up to fourteen days, for the verification of the defendant's residence and/or establishment of a release plan, to make appropriate travel arrangements, and to ensure the defendant's safe release. The defendant shall be released as soon as a residence is verified,

a release plan is established, appropriate travel arrangements are made, and it is safe for the defendant to travel. There shall be no delay in ensuring travel arrangements are made. If more than fourteen days are needed to make appropriate travel arrangements and ensure the defendant's safe release, the parties shall immediately notify the court and show cause why the stay should be extended; or

☐ There being a verified residence and an appropriate release plan in place, this order is stayed for up to fourteen days to make appropriate travel arrangements and to ensure the defendant's safe release. The defendant shall be released as soon as appropriate travel arrangements are made and it is safe for the defendant to travel.  There shall be no delay in ensuring travel arrangements are made. If more than fourteen days are needed to make appropriate travel arrangements and ensure the defendant's safe release, then the parties shall immediately notify the court and show cause why the stay should be extended.

☐ The defendant must provide the complete address where the defendant will reside upon release to the probation office in the district where they will be released because it was not included in the motion for sentence reduction.

☐ Under 18 U.S.C. § 3582(c)(1)(A), the defendant is ordered to serve a "special term" of ☐ probation or ☐ supervised release of _____ months (not to exceed the unserved portion of the original term of imprisonment).

☐ The defendant's previously imposed conditions of supervised release apply to the "special term" of supervision; or

☐ The conditions of the "special term" of supervision are as follows:

☐ The defendant's previously imposed conditions of supervised release are unchanged.

☐ The defendant's previously imposed conditions of supervised release are modified as follows:

☐ DEFERRED pending supplemental briefing and/or a hearing.  The court DIRECTS the United States Attorney to file a response on or before _____, along with all Bureau of Prisons records (medical, institutional, administrative) relevant to this motion.

☑ DENIED after complete review of the motion on the merits.

☐ FACTORS CONSIDERED (Optional)

☐ DENIED WITHOUT PREJUDICE because the defendant has not exhausted all administrative remedies as required in 18 U.S.C. § 3582(c)(1)(A), nor have 30 days lapsed since receipt of the defendant's request by the warden of the defendant's facility.

   IT IS SO ORDERED.

:

         s/Terrence G. Berg
         UNITED STATES DISTRICT JUDGE


Dated:   November 22, 2022

*Overview*

In determining Mr. Brant's eligibility for compassionate release under 18 U.S.C. § 3582(c), the Court must assess: (1) whether he has exhausted his administrative remedies; (2) whether there are "extraordinary and compelling reasons" that warrant his release; and (3) whether his release would be consistent with relevant factors in 18 U.S.C. § 3553(a). The Government concedes that Mr. Brant has exhausted his administrative remedies. Government's Response in Opposition to Motion for Compassionate Release, ECF No. 51, PageID.408. Therefore, the primary issues are whether extraordinary and compelling reasons justify his release, and whether Mr. Brant's release is consistent with the § 3553(a) factors.

*Extraordinary and compelling reasons for release*

Mr. Brant raises two main grounds for release: (1) his medical condition, and (2) the conditions at FCI Fort Dix where is incarcerated. Defendant's Motion for Compassionate Release, ECF No. 50, PageID.390–91. Construing Mr. Brant's briefing liberally, the Court understands Mr. Brant to contend that he is suffering from "wheezing, shortness of breath, acute bronchitis and acute asthma exacerbation," which puts him at greater risk for complications from COVID-19. *Id.* at PageID.390. As to the conditions of confinement, Mr. Brant claims that "FCI Fort Dix still remains completely locked down," with high risk of COVID-19 transmission due to "residing in 12-man dormitory rooms, with no air conditioning, and no social distancing." *Id.* at PageID.391; *see also* Defendant's Reply in Support of Compassionate Release, ECF No. 52, PageID.414–15. Mr. Brant also explains that a state detainer related to his 20-year state sentence for distribution of a controlled substance resulting in death renders him ineligible for certain federal Bureau of Prisons ("BOP") classes and programs at FCI Fort Dix. ECF No. 50, PageID.391.

The Government responds that "wishing to obtain different programming or to be in a different custodial setting is not an extraordinary or compelling reason for a reduction of sentence." ECF No. 51, PageID.409. But the Government does not rebut Mr. Brant's contention that his underlying medical conditions place him at higher

1

risk of COVID-19, nor that the conditions at FCI Fort Dix may increase the risk of contracting COVID-19.

Absent "an applicable policy statement for inmate-filed compassionate-release motions, district courts have discretion to define 'extraordinary and compelling' on their own initiative." *United States v. Elias*, 984 F.3d 516, 519–20 (6th Cir. 2021). Having thoroughly considered Mr. Brant's position, the Court does not find that Mr. Brant has raised sufficiently "extraordinary and compelling" reasons to justify early release from federal custody.

Although it ultimately denied Mr. Brant's renewed motion for compassionate release in July 2020, the Court concluded that Mr. Brant's "moderate-to-severe asthma" and the "increasing infections" at his prior prison constituted extraordinary and compelling circumstances under 18 U.S.C. § 3582(c). Order, ECF No. 49, PageID.382. But in the intervening years, the Sixth Circuit has now made clear that "a defendant's incarceration during the COVID-19 pandemic—when the defendant has access to the COVID-19 vaccine—does not present an 'extraordinary and compelling reason' warranting a sentence reduction." *United States v. Lemons*, 15 F.4th 747, 751 (6th Cir. 2021). If the defendant does not provide a "compelling reason justifying the failure to be vaccinated despite access to the vaccine," a court cannot grant a motion for compassionate release. *Id.*

Neither party discusses whether Mr. Brant has been fully vaccinated against COVID-19, but there is ample evidence that Mr. Brant has since been given access to the vaccine. Shortly after the COVID-19 vaccine first became readily available in March 2021, BOP issued "Clinical Guidance" detailing its vaccine distribution plan for inmates, including prioritizing vaccines for inmates like Mr. Brant who are considered high-risk under CDC guidelines.[1] More recently, BOP has affirmed that "[v]accine doses are available at each [prison] for newly-admitted and existing inmates. Inmates have also been offered booster

---

[1] *COVID-19 Vaccine Guidance: Federal Bureau of Prisons Clinical Guidance*, Fed. Bureau of Prisons (Mar. 11, 2021), https://www.bop.gov/resources/pdfs/covid19_vaccine_guidance_20210311.pdf.

shots in accordance with CDC guidance."[2] Nonetheless, Mr. Brant contends that vaccines are "ostensibly available, but in reality, are non-existent or rendered inaccessible." ECF No. 52, PageID.414. But Mr. Brant has not presented any evidence that he has been denied access to a vaccine or booster shot that he requested.

If he is unvaccinated, Mr. Brant has failed to provide a compelling justification for refusal to get the vaccine, nor any other reason why he is "unable to receive or benefit from a vaccine." *Lemons*, 15 F.4th at 751 (quoting *United States v. Broadfield*, 5 F.4th 801, 803 (7th Cir. 2021)); *see also United States v. Brown*, No. 16-20143, 2022 WL 1632544, at *4 (E.D. Mich. May 23, 2022) ("[The defendant] has not provided any explanation for why he has not received a booster shot and he has not argued that his vaccination status provides an extraordinary and compelling reason for sentencing relief."). The Court also notes that while Mr. Brant claimed that FCI Fort Dix was at "'red flag' lockdown status" in August 2022, FCI Fort Dix is currently operating at a "Level 2" or "yellow" status—an improvement from "Level 3" or "red" status, but not as favorable as "Level 1" or "green" status.[3] Ultimately, with access to the COVID-19 vaccine, a defendant's high-risk medical condition, "coupled with the COVID-19 pandemic do not amount to an 'extraordinary and compelling reason' warranting a sentence reduction." *United States v. Till*, No. 17-20311, 2021 WL 5506441, at *3 (E.D. Mich. Nov. 24, 2021).

Lastly, the Court agrees with the Government that loss of access to rehabilitative programming—whether because of the state detainer or the pandemic—does not constitute an "extraordinary and compelling

---

[2]  *COVID-19 Vaccine Implementation*, Fed. Bureau of Prisons, https://www.bop.gov/coronavirus/ (last visited Nov. 18, 2022).

[3]  *FCI Fort Dix*, Fed. Bureau of Prisons, https://www.bop.gov/locations/institutions/ftd/ (last visited Nov. 18, 2022); *COVID-19 Modified Operations Plan & Matrix*, Fed. Bureau of Prisons, https://www.bop.gov/coronavirus/covid19_modified_operations_guide.jsp (last visited Nov. 18, 2022) (detailing that Level 2 or "yellow" status indicates a medical isolation rate of 2-7%, facility vaccination rate of 50-65%, or community transmission rate between 100 and 200 cases per 100,000 people over the last 7 days).

reason" for sentence reduction. *See, e.g.*, *United States v. Perez*, 549 F. Supp. 3d 716, 717 (N.D. Ohio 2021) (acknowledging that "lack of rehabilitative programming during the pandemic" among other issues is "particularly difficult" for incarcerated persons, but finding no extraordinary and compelling circumstances that justified compassionate release); *cf. Heard v. Quintana*, 184 F. Supp. 3d 515, 521 (E.D. Ky. 2016) (noting in context of compassionate release motion that the defendant does not "have a constitutional right to participate in any prison rehabilitation programs"). Having said that, the Court wishes to emphasize that it does not agree with BOP's policy of depriving inmates such as Mr. Brant from the possibility of participating in rehabilitative programming. Such programming should be available to all inmates, including Mr. Brant, and the Court hereby recommends that he be permitted to receive such programming.

But ultimately, Mr. Brant has not demonstrated "extraordinary and compelling" reasons to reduce his sentence.

*Application of the § 3553(a) factors*

Because the Court finds that Mr. Brant does not meet the second required element for compassionate release under 18 U.S.C. § 3582(c), it is not necessary for the Court to fully analyze whether the factors in 18 U.S.C. § 3553(a) support release. *Elias*, 984 F.3d at 519 ("Further, we clarify that, as in *Jones* and *Ruffin*, district courts may deny compassionate-release motions when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do not need to address the others.").

But in this case, the Court previously analyzed the § 3553(a) factors and concluded that they do not support Mr. Brant's sentence reduction. ECF No. 49, PageID.382–83. Although Mr. Brant has now served a larger portion of his 110-month sentence, Mr. Brant still has approximately 37 months remaining. Even if Mr. Brant had been able to establish "extraordinary and compelling" circumstances, the Court remains concerned that permitting compassionate release "would lead to unwarranted sentencing disparities and improperly minimize the serious nature of his drug-trafficking offense." ECF No. 49, PageID.385. Therefore, Mr. Brant would not be eligible for early release after consideration of the § 3553 factors.

For the foregoing reasons, the Court denies Mr. Brant's request for compassionate release.